DOUD ET AL., DOING BUSINESS AS BONDIFIED SYS-
TEMS, ET AL. *v.* HODGE, AUDITOR OF PUBLIC
ACCOUNTS OF ILLINOIS, ET AL.

No. 129.   Argued February 29, 1956.—Decided March 26, 1956.

*John J. Yowell* argued the cause and filed a brief for
appellants.

*William C. Wines,* Assistant Attorney General of Illi-
nois, argued the cause for appellees.   With him on the
brief was *Latham Castle,* Attorney General.   *Raymond
S. Sarnow,* Assistant Attorney General, was also on a
Motion to Affirm.

MR. JUSTICE MINTON delivered the opinion of the
Court.

The appellants are a partnership and its agent, all
residents of Illinois.   The partnership was engaged
exclusively in the business of selling and issuing money
orders in the State of Illinois.   This business activity
was to be conducted through agents who are principally
persons engaged in operating retail drug, hardware and
grocery stores.   Appellant Derrick, a drug store pro-
prietor, contracted with the partnership to act as its agent
for the sale of money orders which it issued.

Illinois, by statute,[1] has sought to license and regulate community currency exchanges. Section 1 of the Community Currency Exchanges Act defines a community currency exchange as "any person, firm, association, partnership or corporation, except banks incorporated under the laws of this State and National Banks organized pursuant to the laws of the United States, engaged . . . in the business or service of, and providing facilities for, cashing checks, drafts, money orders or any other evidences of money acceptable to such community currency exchange, for a fee or service charge or other consideration, or engaged in the business of selling or issuing money orders under his or their or its name, or any other money orders (other than United States Post Office money orders, American Express Company money order, Postal Telegraph Company money orders, or Western Union Telegraph Company money orders), or engaged in both such businesses, or engaged in performing any one or more of the foregoing services." [2] Subsequent sections of the Act provide for the licensing and comprehensive regulation of such businesses.

Appellants brought this suit in the Northern District of Illinois seeking to enjoin the appellees, who are the Auditor of Public Accounts, the Attorney General of the State of Illinois and the State's Attorney of Cook County, Illinois, from enforcing the Community Currency Exchanges Act against them. Jurisdiction was asserted under 28 U. S. C. § 1331. Appellants argued that a permanent injunction should be issued on the ground that the Act denied them equal protection of the laws in violation of § 1 of the Fourteenth Amendment to the Federal Constitution in that appellants are required to obtain a license and submit to regulation in the conduct

[1] Ill. Rev. Stat., 1955, c. 16½, §§ 30–56.3.
[2] Ill. Rev. Stat., 1955, c. 16½, § 31.

of their money order business in the State while the American Express Company, which is engaged in the identical business activity in Illinois, is excepted from the operation of the Act. Since the complaint attacked the validity of a state statute under the Fourteenth Amendment to the Federal Constitution, the suit was tried before a three-judge District Court pursuant to 28 U. S. C. §§ 2281 and 2284.

The District Court heard the case at length and made findings of fact, the material portions of which we have set forth above. The District Court dismissed the complaint, holding that it lacked jurisdiction to determine the constitutional question presented in the absence of an authoritative determination by the Supreme Court of Illinois as to whether the exemption of the American Express Company from the terms of the Act is unconstitutional as applied to these appellants. 127 F. Supp. 853. We noted probable jurisdiction. 350 U. S. 814.

It is clear that the District Court had jurisdiction to entertain appellants' complaint by virtue of the authority vested in it by 28 U. S. C. §§ 2281 and 2284. This Court has never held that a district court is without jurisdiction to entertain a prayer for an injunction restraining the enforcement of a state statute on grounds of alleged repugnancy to the Federal Constitution simply because the state courts had not yet rendered a clear or definitive decision as to the meaning or federal constitutionality of the statute.

We hold that the District Court has jurisdiction of this cause. It was error to dismiss the complaint for lack of jurisdiction. The judgment of the District Court is vacated and the case is remanded to it. We do not decide what procedures the District Court should follow on remand.

*It is so ordered.*