Joseph **WEINFELD** and Lillian Weinfeld

v.

**PAINE, WEBBER, JACKSON AND CURTIS** (A Partnership).

Civ. A. No. 60–899–F.

United States District Court
D. Massachusetts.

Feb. 20, 1961.

Joseph Weinfeld, Weymouth, Mass., plaintiff, pro se.

Arthur J. Santry, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action by customers of defendants, a partnership engaged in business as dealers in securities and as stockbrokers, to recover losses alleged to have resulted from improper handling of plaintiffs' account. The original complaint sets out diversity of citizenship as the basis for jurisdiction in this court. Defendants have moved to dismiss, and plaintiffs have moved to amend the complaint to add an allegation that the action "also arises as a result of the 'Commodity Exchange Act.'"

Plaintiffs are citizens of Massachusetts. Defendants are a partnership, nine of the general partners and seven of the limited partners being citizens of Massachusetts. Since complete diversity between the plaintiffs and all of the defendants is lacking, this court can have no jurisdiction on the ground of diversity of citizenship. Great Southern Fire Proof Hotel Company v. Jones, 177 U.S. 449, 455, 456, 20 S.Ct. 690, 44 L.Ed. 842; Grant County Deposit Bank v. McCampbell, 6 Cir., 194 F.2d 469, 31 A.L.R.2d 909; Simpson v. DeVault, D.C., 177 F. Supp. 914.[1]

The complaint makes the general assertion that plaintiffs turned money over to defendants for investment in commodity transactions. However, it specifically alleges only certain dealings in copper futures. Copper is not a commodity within the meaning of the Commodity Exchange Act, 7 U.S.C.A. § 2. Thus the complaint in its present form alleges no specific facts which could bring the matters complained of within the scope of the act. Plaintiffs' proposed amendment would merely add a general conclusion unsupported by any allegation of facts which would give this court jurisdiction.

Plaintiffs' motion to amend is denied. Defendants' motion to dismiss is allowed.

---

[1]. Remington's Dairy v. Rutland Ry. Corp., D.C., 15 F.R.D. 488, 489 states a contrary rule, citing Darby v. Philadelphia Transportation Co., D.C., 73 F. Supp. 522. But in Darby there was complete diversity between all plaintiffs and all defendants, and the holding was only that a partnership composed of citizens of different states would for purposes of service of process and venue be considered a jural entity located at its principal place of business.