**Bernhard ROSEE, Plaintiff-Appellant,**

v.

**The BOARD OF TRADE OF the CITY OF CHICAGO, a corporation, et al.,
Defendants-Appellees.**

**No. 13857.**

United States Court of Appeals
Seventh Circuit.

Jan. 2, 1963.

Rehearing Denied Jan. 21, 1963.

Hirsch E. Soble, Chicago, Ill., for appellant.

Don H. Reuben, J. R. Blomquist, Richard Griffin, Howard Ellis, Andrew C. Hamilton, John E. Angle, Chicago, Ill., for certain defendants-appellees.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from an order of the district court dismissing the amended complaint herein for want of jurisdiction under the Civil Rights Statutes, 28 U.S.C.A. § 1343, and 42 U.S.C.A. § 1983, and the Commodity Exchange Act, 7 U.S.C.A., §§ 1 to 17.

Appellant, Bernhard Rosee, a trader member of the Chicago Board of Trade, cleared his transactions through the firm of Baggot and Morrison. In June 1960, Rosee and Baggot and Morrison disputed the status of Rosee's account, and a claim against Rosee for $13,654.41 was received by the Board of Directors. At Rosee's request, the dispute went to the Arbitration Committee of the Board which rendered an award against Rosee who then appealed to the Board's Committee of Appeals. This committee affirmed the award. Rosee refused to abide thereby and was suspended from membership pursuant to the rules of the Board.

Rosee then filed suit in the Superior Court of Cook County, seeking reinstatement to membership in the Board. After denial of a request for a temporary mandatory injunction compelling his reinstatement, Rosee took a voluntary nonsuit in the state action and thereafter commenced the instant case. He alleges, as he did in the state action, that he was denied a fair hearing in the Board proceedings which ultimately resulted in the suspension of his membership. On motion of the defendants-appellees, the district court held that the amended complaint did not plead sufficient facts to establish federal jurisdiction.

Rosee contends that he has been deprived of a valuable property, membership in the Board of Trade, without due process of law, and that he has been denied the equal protection of the laws. The acts complained of—the allegedly arbitrary and discriminatory proceedings before the Board—are claimed to have been performed under color of state law in that the Board actions were pursuant to legislation providing for the incorporation of the Board and for authorization of said Board to make rules and regulations for its government. Additional state action allegedly infringing Rosee's constitutional rights is claimed to lie in the past refusal of the courts of Illinois in other cases to review the validity of proceedings conducted pursuant to the rules of the Board resulting in suspension of membership.

■ Although incorporated under a special act of the Illinois legislature in 1859, the Chicago Board of Trade is a voluntary association of individuals endowed with the ordinary powers and privileges of a private corporation. Thomson v. Thomson, 293 Ill. 584, 127 N.E. 882 (1920); 273 U.S. 638, 47 S.Ct. 90, 71 L.Ed. 816, dismissing writ of error to the Illinois Supreme Court.

■ Pursuant to its legislative charter, the Board is authorized to make rules and regulations proper and necessary for its government and the management of its business. The corporation is further empowered to admit to or to expel from membership such persons as it sees fit, in the manner to be prescribed by its rules, regulations, and by-laws. It may constitute and appoint committees of reference and arbitration for the settlement of such disputes as are voluntarily submitted by its members.

The Board proceedings involving Rosee are founded on the agreement of the parties as members of the Board to exercise the right of voluntary submission of a dispute to arbitration. In the performance of the proceedings pursuant to legislative grant and its own rules, the Board was not authorized, nor did it in fact exercise a governmental or public function. It acted in the affairs of its own government and internal business as a private corporation and exercised "the inherent and implied power, which is a necessary and inseparable incident of its existence." Thomson v. Thomson, supra, at 590, 127 N.E. at 884.

The nature of the proceedings affecting Rosee's account and membership status differs from the activities which have been determined to constitute state action or action under color of state law. In Brinkerhoff-Faris Trust & Savings Co. v. Hill, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107 (1930), the activities of a state tax commission were in issue; in Barsky v. Board of Regents, 347 U.S. 442, 74 S.Ct. 650, 98 L.Ed. 829 (1954), those of a state teacher licensing board. Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915), involved threatened enforcement by state officers of an allegedly unconstitutional state law. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), and Barrows v. Jackson, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953), were concerned with enforcement of infringement of constitutional rights by state judicial systems.

█ Actions arising under the Railway Labor Act, 45 U.S.C.A. § 153, must be distinguished. Unlike the instant action, these cases are not concerned with rights arising under private agreements. These actions involve the determination of federally created contractual rights as between common carriers and their employees. The federal courts have jurisdiction under proper circumstances to review the validity of the determinations of these rights by agencies created pursuant to federal legislative mandate, whose proceedings thereby partake of a "public" character. Edwards v. Capital Airlines, Inc., 84 U.S.App.D.C. 346, 176 F.2d 755, 760 (1949), cert. denied 338 U.S. 885, 70 S.Ct. 186, 94 L.Ed. 543; Arnold v. United Air Lines, Inc., 296 F.2d 191 (7th Cir.1961).

Considerations as to the governmental or private character of conduct allegedly infringing the complainant's constitutional rights are stated in Baldwin v. Morgan, 287 F.2d 750 (5th Cir.1961), a railway terminal segregation case. The challenged activity was by a terminal, pursuant to state law and state public service commission order. In determining the liability of the terminal, the court notes that it is a public utility, doing something the state deems useful for the public necessity or convenience. The court continues at page 755:

" * * * When in the execution of that public function it is the instrument by which state policy is to be, and is, effectuated, activity which might otherwise be deemed private may become state action within the Fourteenth Amendment. And whether it is state policy is to be determined by the nature of the activity in terms of the governmental nature of the function * * *."

The activities of the Board of Trade, in light of the definition set forth in Baldwin v. Morgan, supra, do not fall within the category of governmental action. The Board is not a public utility; it has not been established that the Board performs something which the state deems useful for the public necessity or convenience in the settlement of disputes between its members and in disciplinary actions concerning its membership. These activities, pursued in accordance with its rules and regulations, are private in nature. The claimed invalidity does not pose a question of infringement of constitutional rights cognizable in the first instance by the federal courts.

Further it is claimed that there is state action infringing Rosee's constitutional rights in the refusal of the courts

of the State of Illinois to review Board of Trade proceedings involving disciplinary actions of its members. It has been stated in Board of Trade of City of Chicago v. Nelson, 162 Ill. 431, 440, 44 N.E. 743, 746 (1896), that the court will not review the facts of proceedings had upon due notice and inquiry, and "there is no question of jurisdiction or legality of proceedings" in which a member "stands convicted by the sentence of a tribunal of his own choice." No case has been cited or found in which an Illinois court reviewed proceedings before the Board of Trade resulting in suspension of membership.

■ The policy of the Illinois courts with respect to review of Board of Trade disciplinary proceedings, whether it be an absolute refusal to review as claimed by Rosee or whether it is based on the considerations as stated in Board of Trade of City of Chicago v. Nelson, supra, does not constitute state action resulting in denial of due process or the equal protection of the laws to Rosee. Rosee commenced a state action on substantially similar allegations as those found in the complaint herein. After denial of his request for a preliminary injunction, he voluntarily dismissed the state case and turned to the federal court. Neither the adjudication in the Superior Court of Cook County nor prior adjudications involving the rights of other persons present a final adjudication of Rosee's rights by a state court. Unless or until an arm of the state, such as the state judiciary, becomes implicated directly in the alleged abridgement of Rosee's constitutional rights, no federal question is presented. See the comment in the dissenting opinion in Black v. Cutter Laboratories, 351 U.S. 292, 76 S. Ct. 824, 100 L.Ed. 1188 (1956), at 302, to the effect that implication of the state courts by affirmance of allegedly discriminatory contracts involves governmental action controlled by the Constitution of the United States, thereby presenting a federal question as in Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), and Barrows v. Jackson, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953).

The case of Doud v. Hodge, 350 U.S. 485, 76 S.Ct. 491, 100 L.Ed. 577 (1956), is not applicable here. There it was held that a three-judge district court had jurisdiction under Title 28 U.S.C.A. §§ 1331, 2281, and 2284, to enjoin enforcement by state officials of an allegedly unconstitutional state statute even though the state courts had not yet rendered a definitive decision as to the meaning or federal constitutionality of the statute. The case is concerned not with the basic question of jurisdiction but with the propriety of passing on the constitutionality of the state statute.

The court concurs in the opinion of the learned district judge that "Plaintiff's complaint relates at best only incidentally to the Commodity Exchange Act." It may be noted that the Board of Trade is subject to federal regulation under the Act because transactions on such boards are involved in interstate commerce and are affected with a national interest. The Act proscribes certain practices by members of a board or contract market and provides the sanction of criminal penalties. The statute does not expressly provide for civil enforcement of any correlative rights corresponding to the statutory duties.

■ The general purpose of the Commodity Exchange Act was to remove burdens on interstate commerce caused by manipulation and market controls. Board of Trade of Kansas City v. Milligan, 90 F.2d 855 (8th Cir.1937), cert. denied 302 U.S. 710, 58 S.Ct. 40, 82 L. Ed. 549. The proscription of fraudulent contracts creates public rights, as is manifested by criminal sanctions provided by the statute. In this respect the Act may be deemed to differ from the Railway Labor Act which is primarily concerned with the amicable disposition of labor disputes between a carrier and its employees for the ultimate purpose of avoidance of stoppages of interstate commerce. This statute creates duties and rights, among them the freedom of choice in the selection of

representatives for the respective parties. The Supreme Court held this duty to be enforceable without a specific statutory provision for a judicial remedy. Texas & New Orleans Railroad Co. v. Brotherhood of Railway & Steamship Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034 (1930), where the party for whose benefits the rights had been created sought to enforce them. A similar decision was reached in Texas & Pacific Railway Co. v. Rigsby, 241 U.S: 33, 36 S.Ct. 482, 60 L.Ed. 874 (1916), involving the federal Safety Appliance Act, and Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), concerning rights under the National Labor Relations Act in respect to *ultra vires* action of the Board for which no express statutory remedy was provided. In each of these cases, the issue involved enforcement of federally created rights and duties directly related to the purposes of the legislation. Judicial enforcement, although not expressly provided for, was deemed to be necessary for the implementation of the legislative intent in enactment of the statute. In the instant case, it does not appear that Congress contemplated the judicial remedies of injunction and accounting by means of review of arbitration and disciplinary proceedings involving fellow members before the Board as a means of implementing the legislative purpose of the Commodity Exchange Act in proscribing misleading and fraudulent trade transactions.

Appellant has failed to establish that there has been infringement of his constitutional rights by state action or under color of state law, or that the Commodity Exchange Act provides a civil remedy for review of arbitration and disciplinary proceedings by the Board of Trade. For these reasons, it is the conclusion of the court that Rosee has not pleaded sufficient facts to establish federal jurisdiction. The order of the district court dismissing the amended complaint herein for want of jurisdiction must be and it hereby is Affirmed.