Duward W. STONE, Plaintiff,

v.

The CITY OF WICHITA FALLS, Hurshel Johnson, Fire Chief for the City of Wichita Falls, or his successor, Gerald G. Fox, City Manager, or his successor, Kenneth Hill, Mayor, or his successor, City Council Members Hardy McAllister, Fred Bassett, Mrs. Carol Russell, Curtis W. Smith, James B. Thomas, and Raymond H. Adcock, or their successors, Defendants.

No. CA 7–78–36.

United States District Court,
N. D. Texas,
Wichita Falls Division.

Sept. 18, 1979.

Tom Huckaby, Moreau & Huckaby, Wichita Falls, Tex., for plaintiff.

H. P. Hodge, Jr., City Atty., for defendants.

## MEMORANDUM OPINION

ROBERT M. HILL, District Judge.

This cause came on for trial before the Court, and having heard the evidence and argument of counsel the Court makes the following findings of fact and conclusions of law.

On February 9, 1978, the City of Wichita Falls ("City") indefinitely suspended plaintiff Duward Stone ("Stone") from his position as a fireman because he violated Section 31(B) of City Civil Service Rule 14[1] and Section 136 of the City Charter ("Sec-

---

1. Section 31(B) of Civil Service Rule 14 provides that an employee's "[v]iolation of any provision of the City Charter, any ordinance of the City of Wichita Falls, the Civil Service Rules, Department Rules or Special Orders as applicable" constitutes cause for indefinite suspension.

tion 136")[2] by becoming a candidate for County Commissioner in nearby Archer County. The City discharged Stone after he unsuccessfully appealed his indefinite suspension to the Civil Service Commission. Stone then by-passed available state judicial remedies[3] and brought this action against the City and the City's fire chief, mayor, city manager, and council members in their official capacities. Stone now holds the office of County Commissioner of Archer County.

In this action for declaratory and injunctive relief, reinstatement, and back pay, Stone contends that Section 136 violates article 1269m(22) of the Texas statutes,[4] Section 40 of Article 16 of the Texas Constitution ("Section 40"),[5] and the First, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution.[6] The defendants preliminarily contend that this Court lacks subject matter jurisdiction because Stone failed to exhaust his state judicial remedies and that this Court should abstain because this action hinges on unsettled questions of state law. The defendants also argue that Section 136 does not violate either article 1269m(22) or the state or federal constitution. The Court rejects the defendants' contentions and holds that Section 136 violates article 1269m(22), Section 40, and the First Amendment of the United States Constitution as applied to municipalities through the Fourteenth Amendment.

Defendants' argument that Stone's failure to exhaust available state judicial remedies under Tex.Rev.Civ.Stat. Ann. art. 1269m(18) (Supp.1978) deprives this Court of subject matter jurisdiction lacks merit. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The Court finds the defendants' argument about the abstention doctrine's applicability more troublesome.[7] However, the Court has concluded that this case does not present the "special circumstances" prerequisite to the application of the abstention doctrine. *Propper v. Clark*, 337 U.S. 472, 492, 69 S.Ct. 1333, 93 L.Ed. 1480 (1949). First, the answers to the questions of state law presented by this case are clear even in the absence of a definitive state court case construction of article 1269m(22). *See, e. g., Chicago v. Atchison, Topeka & Santa Fe Railway*, 357 U.S. 77, 78 S.Ct. 1063, 2 L.Ed.2d 1174 (1958); *Doud v. Hodge*, 350 U.S. 485, 76 S.Ct. 491, 100 L.Ed. 577 (1956). Furthermore, Stone may have no "obvious [method] for securing a definitive ruling in the state courts" on the questions of state and federal law that he raises. *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 501, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941). Indeed, Stone probably waived his right to a trial de novo under Tex.Rev.Civ.Stat.Ann. art. 1269m(18) by failing to file an action in state district court within ten days of the Civil Service Commission's adverse decision. After weighing the defendants' willingness to

2. Section 136 of the City Charter provides in pertinent part that "[a]ny . . . employee of the City who shall become a candidate for election to any office shall forfeit the office or employment held under the City."

3. *See* Tex.Rev.Civ.Stat.Ann. art. 1269m(18) (Supp.1978).

4. Tex.Rev.Civ.Stat.Ann. art. 1269m(22) (Supp. 1978).

5. Tex.Const. Art. XVI, § 40 (1972).

6. U.S.Const. Amends. I, V, IX, and XIV.

7. In their post-trial brief on the possible application of the abstention doctrine the defendants purport to waive their objection on abstention grounds unless abstention mandates dismissal of Stone's claims with prejudice. The Court is unconvinced that a party may

waive the possible application of the abstention doctrine. Moreover, the Court would not be required to dismiss Stone's complaint even if it decided to abstain pending a state court's clarification and interpretation of Section 136, article 1269m(22), and Section 40. *See e. g., Zwickler v. Koota*, 389 U.S. 241, 244 n. 4, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); *Doud v. Hodge*, 350 U.S. 485, 76 S.Ct. 491, 100 L.Ed. 577 (1956); *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). However, the defendants' qualified willingness to proceed in federal court weighs against this Court's abstention. Cf. *Hostetter v. Idlewild Bon Voyage Liquor Corp.*, 377 U.S. 324, 329, 84 S.Ct. 1293, 12 L.Ed.2d 350 (1964) (abstention unwarranted when neither party urged court to abstain and when decision had already been delayed).

proceed in this Court, *see* n. 7 *supra,* the relative clarity of the pendent state law claims, and the uncertainty of Stone's state remedies, the Court declines to abstain.

■ The Court has concluded that Section 136 conflicts with both article 1269m(22) and Section 40. Section 136 proscribes Stone's candidacy for County Commissioner of Archer County. Article 1269m(22) provides in pertinent part that "[e]mployees in the Fire Department or the Police Department shall not be permitted to take an active part in any political campaign of *another* for an elective position of the *city* if they are in uniform or on active duty. . . . Provided however, that no Civil Service Commission or governing body of any city shall further restrict the rights of employees of the Police and Fire Departments to engage in political activities except as herein expressly provided" (Emphasis added). Thus, the plain language of article 1269m(22) permits Stone's candidacy for County Commissioner of Archer County and invalidates Section 136 as applied to Stone.[8]

The defendants attempt to minimize the conflict between Section 136 and article 1269m(22) in two ways: first, they contend that Section 136's blanket proscription of candidacy is not inconsistent with article 1269m(22)'s proscription of active campaigning on another's behalf in city elections; second, they contend that the proviso of article 1269m(22) prohibits only those restrictions on political activity that are enacted by either the City's Civil Service Commission or the City Council and not to those restrictions, such as Section 136, that are enacted by the City's voters. The Court is unconvinced. Section 136's blanket proscription of candidacy is patently inconsistent with article 1269m(22), moreover, the Court would exalt form over substance if it were to allow the City's Civil Service Commission to enforce a restriction that the Civil Service Commission itself could not adopt.

*Cf. Reitman v. Mulkey,* 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1968) (California constitutional amendment that had been initiated and approved by voters implicated state in illegal racial discrimination and thus violated Equal Protection clause).

■ Section 136 also conflicts with Section 40 and thus violates the Texas Constitution. Section 40 provides in pertinent part that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument, except that of . . . County Commissioner . . . unless otherwise specially provided herein. . . ." It is well-settled that a city or state employee may also hold the position of county commissioner. *Gaal v. Townsend,* 77 Tex. 464, 14 S.W. 365 (1890) (dicta); *cf. Ramirez v. Flores,* 505 S.W.2d 406 (Tex.Civ.App.— San Antonio 1973, writ ref'd n.r.e.) (county commissioner precluded from running for position of school district trustee only because more specific state constitutional provision controlled). Although the City admits that Section 40 allows Stone to hold the positions of County Commissioner and fireman, it defends Section 136's prohibition of Stone's candidacy. The Court must reject such an illogical defense.

■ Although the Court's resolution of Stone's pendent state law claims entitles Stone to the relief that he seeks, the Court is compelled to comment that Section 136 as applied to Stone violates the First and Fourteenth Amendments of the federal Constitution. Stone's right to run for County Commissioner is an important, but not a fundamental, right protected by the First Amendment. *Bullock v. Carter,* 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); *Magill v. Lynch,* 560 F.2d 22, 27 (1st Cir. 1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1236, 55 L.Ed.2d 763 (1978); *Hickman v. City of Dallas,* 475 F.Supp. 137 (N.D.Tex. 1979). Thus, the City must prove that the strictures that Section 136 places on Stone's right to run for office are reasonably neces-

---

8.  Tex.Rev.Civ.Stat.Ann. art. 1269n (Supp.1978) which imposes criminal penalties on any person who coerces a fireman "to participate or to refrain from participating in a political cam-

paign" buttresses the Court's conclusion that Section 136 violates the proviso of article 1269m(22).

sary to achieve one or more compelling public objectives. *Morial v. Judiciary Commission,* 565 F.2d 295, 300 (5th Cir. 1977) (en banc), *cert. denied,* 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1978). The Court recognizes that the City may impose reasonable restrictions on its employees' right to run for office in order to ensure their loyalty and efficiency and in order to avoid the appearance of impropriety or conflicts of interest. However, the record contains no evidence to support the defendants' contention that Stone's candidacy for County Commissioner in a county adjacent to the one in which the City is located either compromises his loyalty and his efficiency or creates the appearance of impropriety. Section 136 simply sweeps too broadly: its strictures are arbitrary and unconstitutional as applied to Stone. *Hickman v. City of Dallas, supra.*

Therefore, the defendants should be permanently restrained and enjoined from enforcing Section 136 against Stone because of his candidacy for County Commissioner of Archer County. Stone should be reinstated and awarded back pay. The Court will set this cause for a hearing to determine the amount of back pay to which Stone is entitled.

It is so ORDERED.