Duward W. STONE, Plaintiff-Appellee,

v.

The CITY OF WICHITA FALLS; Hurshel Johnson, Fire Chief for the City of Wichita Falls, or His Successor; Gerald G. Fox, City Manager, or His Successor; City Council Members Mrs. Carol Russell, Curtis W. Smith, James B. Thomas and Raymond H. Adcock, or Their Successors, Defendants-Appellants.

No. 79–3940.

United States Court of Appeals, Fifth Circuit. Unit A

June 4, 1981.

H. P. Hodge, Jr., City Atty., Wichita Falls, Tex., for defendants-appellants.

Larry Watts, Houston, Tex., for plaintiff-appellee.

Before RUBIN and GARZA, Circuit Judges, and SUTTLE *, District Judge.

GARZA, Circuit Judge:

Appellee, Duward W. Stone, was a Firefighter in the Fire Department of the City of Wichita Falls, Texas on February 9, 1978, and had been so employed for the preceding eight years. Prior to February 9, 1978, Stone became a candidate for the office of County Commissioner of Archer County, Texas, subject to the Democratic Primary Election to be held in May, 1978. By letter dated February 9, 1978, the Fire Chief notified the Firemen's and Policemen's Civil Service Commission of Wichita Falls that he was suspending Stone effective February 16, 1978, as required by Section 136 of the Wichita Falls City Charter.[1]

---

* District Judge of the Western District of Texas, sitting by designation.

1. Section 136 provides in pertinent part:

"Any appointive officer or employee of the city who shall become a candidate for election to any office shall forfeit the office or employment held under the City."

Stone appealed his suspension to the Wichita Falls Civil Service Commission which held a hearing and entered an order finding the charge against Stone was true and ordering Stone permanently discharged from the Wichita Falls Fire Department. No appeal was taken by Stone from the Commission to the State District Court.[2] At the Democratic Primary Election in May, Stone was elected as candidate for County Commissioner of Archer County and, in the November General Election, was elected County Commissioner.

On June 26, 1978, Stone filed this suit, alleging jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983, against the City of Wichita Falls, the Fire Chief, the City Manager, the Mayor and City Council, in their official capacities and not as individuals. Stone's suit alleged that Section 136 was contrary to Article 1269m(22) V.A.T.S.,[3] Article XVI, Section 40 of the Texas Constitution[4] as well as the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and sought declaratory and injunctive relief, reinstatement, and back pay.

■ After submission of stipulated facts, briefs and oral argument, the District Court found that Section 136 violates Article 1269m(22), Article XVI, Section 40, and the First Amendment.[5] The District Court permanently enjoined enforcement of Section 136 against Stone, ordered that Stone be reinstated and awarded back pay. Appellants now contest all three of the District Court's substantive conclusions of law.[6] Specifically, appellants argue that Article 1269m(22), although prohibiting political activity restrictions enacted by the Civil Service Commission or the City Council, does not prohibit a City's voters from enacting

2. Article 1269m(18) V.A.T.S. provides that a Fireman dissatisfied with the decision of the Civil Service Commission may, within ten days of the decision, petition the State District Court for a de novo hearing.

3. Article 1269m(22) V.A.T.S. provides:

Political activities; leaves
of absence

Employees in the Fire Department or Police Department shall not be permitted to take an active part in any political campaign *of another* for an elective position *of the city* if they are in uniform or on active duty. The term active part means making political speeches, passing out cards, or other political literature, writing letters, signing petitions, actively and openly soliciting votes and making public derogatory remarks about candidates for such elective *positions.*

Firemen and Policemen coming under the provisions of this Act are not required to contribute to any political fund or render any political service to any person or party whatsoever; and no person shall be removed, reduced in classification or salary, or otherwise prejudiced by refusing to do so; and any official of any city coming under the provisions of this Act who attempts the same shall be guilty of violating the provisions of this Act.

No fireman or policeman shall be refused reasonable leave of absence without pay, provided that a sufficient number of employees to carry out the normal functions of the Department shall be provided, for the purpose of attending any fire or police school, conventions, or meetings, the purpose of which is to secure more efficient departments and better working conditions for the personnel thereof, nor shall any rule ever be adopted affecting their constitutional right to appear before or petition the Legislature. *Provided however, that no Civil Service Commission or governing body of any city shall further restrict the rights of employees of the Police and Fire Departments to engage in political activities except as herein expressly provided.* (emphasis added).

4. Article XVI, Section 40 of the Texas Constitution provides:

Holding more than one office; exceptions; right to vote

No person shall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace, *County Commissioner,* Notary Public and Postmaster...

5. In the District Court's opinion reported at 477 F.Supp. 581 (N.D.Tex.1979), the Court also found that Stone's failure to exhaust his State judicial remedies under Article 1269m(18) V.A.T.S. did not deprive the District Court of subject matter jurisdiction. The Court also found that *Pullman* type abstention was not appropriate in this case.

6. Appellants also contend that the District Court lacked jurisdiction because the back pay award, at the time of filing suit, was less than $10,000. It is clear that causes of action based upon 42 U.S.C. § 1983 do not require a $10,000 amount in controversy. Appellants' first contention is meritless.

otherwise prohibited restrictions. The appellant's argument is without merit.

■ Article 11, Section 5 of the Texas Constitution provides "... that no charter or any ordinance passed ... shall contain any provision inconsistent with the Constitution of the State, or the general laws enacted by the Legislature of this State..." *See also,* Article 1165 V.A.T.S. Appellants concede Article 136 of the City Charter imposes greater restrictions on political activity than are imposed in Article 1269m(22). We believe it is precisely this sort of restriction which the Texas Legislature intended to prevent by prohibiting further restrictions upon the political rights of civil service employees. We, therefore, hold that the City Charter is inconsistent with Article 1269m(22) and consequently is void. We need not address the Texas or United States constitutional issues.

AFFIRMED.