

# The Attorney General of Texas

JIM MATTOX
Attorney General

July 15, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Iouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Benjamin Euresti
Cameron County Attorney
974 E. Harrison Street
Brownsville, Texas    78520

Opinion No. JM-521

Re:  Authority of commissioners court to prohibit county employees from running for office in a partisan election

Dear Mr Euresti:

You state that the commissioners court of Cameron County has adopted a policy prohibiting county employees from running for office in a partisan election.  This restriction states as follows:

> A county employee, other than an elected official, may not be a candidate for elective office in a partisan election.  (A partisan election is an election in which candidates are to be nominated or elected to represent a party whose candidates for presidential electors received votes in the last preceding election at which presidential electors were selected.)

Personnel Policies Manual of Cameron County, Texas, §2.05.

You ask whether this policy is binding on the staff of elected constitutional county officers other than members of the commissioners court.  You also ask whether this policy, as applied to all county employees, is consistent with the Texas and United States Constitutions.

We note initially that elected county officers are exempted from this policy.  Article XVI, section 65, of the Texas Constitution subjects elected county and precinct officers to the following provision:

> Provided, however, if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then

> held shall exceed one (1) year, such announcement
> or such candidacy shall constitute an automatic
> resignation of the office then held, and the
> vacancy thereby created shall be filled pursuant
> to law in the same manner as other vacancies for
> such office are filled.

See Clements v. Fashing, 457 U.S. 957 (1982).

The commissioners court may exercise those powers implied from express powers as well as powers that the constitution and statutes have expressly conferred upon it. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941). The court has broad discretion in exercising expressly conferred powers. Anderson v. Wood, supra.

Article V, section 18, of the Texas Constitution provides that the commissioners court

> shall exercise such powers and jurisdiction over
> all county business, as is conferred by this
> Constitution and the laws of the State, or as may
> be hereafter prescribed. (Emphasis added).

Tex. Const. art. V, §18. Under this provision, and the statutes defining its powers, the commissioners court has implied authority to employ persons necessary to carry out county business. See, e.g., Adams v. Seagler, 250 S.W. 413 (Tex. 1923); Gano v. Palo Pinto County, 8 S.W. 634 (Tex. 1888); Roper v. Hall, 280 S.W. 289 (Tex. Civ. App. - Waco 1925, no writ). See also Pritchard & Abbott v. McKenna, 350 S.W.2d 333 (Tex. 1961). In addition, some statutes authorize the court to hire employees to implement specific programs. See, e.g., V.T.C.S. arts. 3912l; 6702-1, §§2.002(b)(2), 3.101.

The court's authority to hire employees includes the implied authority to establish working conditions for them. Attorney General Opinions H-402 (1974); V-110 (1947). See also V.T.C.S. art. 3912k (statute governing compensation, expenses, and benefits of county, precinct, and district employees). We believe the commissioners court may prohibit partisan political candidacies by the employees it has authority to hire, where this condition is reasonably necessary to the conduct of county business. The court's authority is subject to constitutional and statutory limitations. Cf. Stone v. City of Wichita Falls, 646 F.2d 1085 (5th Cir. 1981) (home rule city charter provision prohibiting fireman's candidacy for elective office was inconsistent with section 22 of article 1269m, V.T.C.S., and therefore invalid under article XI, section 5, of Texas Constitution).

We turn to the first question -- whether the policy applies to the staff of elected constitutional county officers, aside from members of the commissioners court. We have determined that the

court's implied authority to adopt this restriction is based on its authority to hire employees and establish reasonable working conditions. Necessarily, it may impose this condition only on the employees which it has authority to hire and fire. See Newcomb v. Brennan, 558 F.2d 825, cert. denied, 434 U.S. 968 (1977) (city attorney could dismiss deputy who announced his intention to run for Congress).

Article 3902, V.T.C.S., provides that district, county, and precinct officers shall appoint their deputies, assistants, and clerks. The officer must apply to the court for authority to appoint such personnel and the "court shall make its order authorizing the appointment of such deputies, assistants and clerks . . . and determine the number to be appointed. . . ." V.T.C.S. art. 3902. The court also establishes the compensation for each position, formerly under article 3902, V.T.C.S., and other specific statutes and now under article 3912k, V.T.C.S. Attorney General Opinions H-697 (1975); H-35 (1973); see Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.). However, article 3902, V.T.C.S., expressly prohibits the court from attempting "to influence the appointment of any person as deputy, assistant or clerk in any office." The commissioners court has "no legal right to screen applicants or to veto appointments" made by county officers. See Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.).

The commissioners court has no power to interfere in the hiring decisions made by other county officers; therefore, it may not require those county officers to terminate an employee who becomes a candidate for partisan political office. This policy does not affect the employment decisions of elected constitutional officers other than members of the commissioners court.

We next consider whether the commissioners court may constitutionally apply the policy to the employees it has authority to hire and fire.

You do not identify any Texas constitutional provisions which you wish us to address. Article XVI, section 40, of the Texas Constitution may be relevant to the court's policy. This provision states in part:

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall

> receive no salary for serving as members of such
> governing bodies.  (Emphasis added).

Tex. Const. art. XVI, §40.  The quoted language has been construed to authorize an employee compensated from state funds to be a candidate for election to a local governmental body.  Attorney General Opinions MW-149 (1980); H-659 (1975).  See also Stone v. City of Wichita Falls, 477 F. Supp. 581 (N.D. Tex. 1979), aff'd. on other grounds, 646 F.2d 1085 (5th Cir. 1981).  Such persons are protected from dismissal under statutes and regulations prohibiting political candidacies by public employees.

We turn to the validity of such policies under the United States Constitution.  The United States Supreme Court has upheld comprehensive restrictions on the outside political activity of federal and state civil service employees.  United States Civil Service Commission v. National Association of Letter Carriers, AFL-CIO, 413 U.S. 548 (1973); Broadrick v. Oklahoma, 413 U.S. 601 (1973); United Public Workers of America v. Mitchell, 330 U.S. 75 (1947).  These judicial decisions considered extensive statutory prohibitions on public employee's participation in political activities and upheld them against challenges on first amendment grounds.  See also Wachsman v. City of Dallas, 704 F.2d 160 (5th Cir. 1983), cert. denied, 464 U.S. 1012 (1983); Hickman v. City of Dallas, 475 F. Supp. 137 (N.D. Tex. 1979), aff'd. mem., 634 F.2d 629 (5th Cir. 1980); Annot., 44 A.L.R. Fed. 306 (1979); Annot., 28 A.L.R. 3d 717 (1969).

In United Public Workers of America v. Mitchell, the Supreme Court upheld the Hatch Act ban on political activities of federal employees.  The court concluded that the employee's first amendment right to engage in political speech and activity was subject to regulation within reasonable limits to protect the competency and integrity of the public service and to maintain authority over its discipline and efficiency.  United Public Workers of America v. Mitchell, supra, at 102.

In United States Civil Service Commission v. National Association of Letter Carriers, AFL-CIO, 413 U.S. 548 (1973) the Supreme Court referred to the balance to be struck between the employee's interests as a citizen in commenting on matters of public concern and the government "as an employer, in promoting the efficiency of the public services it performs through its employees."  413 U.S., at 564 (quoting Pickering v. Board of Education, 391 U.S. 563, 568 (1968)).  The court identified the governmental interest in having its employees administer the law in accordance with the will of Congress rather than the will of a political party, in avoiding the appearance of partisan bias in administering the law, and in preventing the use of a government work force as a political machine. 413 U.S. at 564-65. A related interest was to make employment and advancement in government service not depend upon political performance. 413 U.S. at 566.

In Broadrick v. Oklahoma, 413 U.S. 601 (1973) the Supreme Court determined that Oklahoma's restrictions on political activities of the state's classified civil servants would not be struck down as facially overbroad, even though the statute was directed at political expression "which if engaged in by private persons would plainly be protected by the First and Fourteenth Amendments."   It stated as follows:

> But at the same time, §818 [of Oklahoma's Merit System of Personnel Administration Act, Okla. Stat. Ann., Tit. 74, §801 et seq.] is not a censorial statute, directed at particular groups or viewpoints. . . . The statute, rather, seeks to regulate political activity in an even-handed and neutral manner.

413 U.S. at 616.   See also Clements v. Fashing, 457 U.S. 957 (1982) (restraints on political candidacies established by article III, section 19, and article XV, section 65, of the Texas Constitution have a rational basis and may be upheld under traditional equal protection analysis); Wachsman v. City of Dallas, 704 F.2d 160 (5th Cir. 1983), cert. denied, 464 U.S. 1012 (upholding Dallas city charter provisions prohibiting certain kinds of participation by city employees in local elections, including nonpartisan city council elections).

The Supreme Court cases have upheld bans on a broad range of political activities by public employees.   However, the possibility remains that such restrictions may be invalid as to a particular public employee.   In Hickman v. City of Dallas, 475 F. Supp. 137 (N.D. Tex. 1979), aff'd. mem., 634 F.2d 629 (5th Cir. 1980), an employee of Dallas challenged a city charter provision which required him to forfeit his position if he became a candidate for elective office within the county. The court found this provision invalid as violating the first amendment rights of the employee, a nonsupervisory police officer, who wished to run for city council in a different city. Dallas did not show that his candidacy would impair the integrity of city government or the loyalty and efficiency of city employees. Hickman v. City of Dallas, 475 F. Supp. 137 (N.D. Tex. 1979), aff'd. mem., 634 F.2d 629 (5th Cir. 1980).

The court examined the city's objectives in adopting the policy. It found that the city's interest in maintaining the loyalty, efficiency and nonpartisanship of its employees would justify reasonable restrictions on it the first amendment right of its employees to become candidates for public office:

> For example, conflicts might arise if an employee were to challenge his supervisor, or run for mayor or the city council, in a Dallas city election.

> Candidacy for elective office, whether inside or
> outside Dallas, by those in managerial or super-
> visory positions might well create the possibility
> and the appearance of conflicts of interest.

475 F. Supp. at 141.

Based on the authorities cited, we do not believe the courts would hold the Cameron County policy facially invalid. See Willis v. City of Fort Worth, 380 S.W.2d 814 (Tex. Civ. App. - Fort Worth, 1964 writ ref'd n.r.e.). However, it may be unconstitutional as applied to particular candidacies. Dallas v. Hickman, supra. Whether particular applications are invalid must be decided on a case by case basis.

## S U M M A R Y

The commissioners court of Cameron County has implied authority to prohibit the county employees which it hires from running for partisan office. This policy does not apply to the staff employed by elected constitutional county officers. The policy is not facially unconstitutional but may have unconstitutional applications under article XVI, section 40, of the Texas Constitution or the first and fourteenth amendments of the United States Constitution.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General