**Eddie MIDDLETON, Appellant,**

v.

**REMINGTON ARMS COMPANY, INC., Appellee.**

**No. 78–1513.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1979.

Decided March 9, 1979.

John E. McKay, Law Office of Arthur A. Benson, II, Kansas City, Mo., on brief for appellant.

Jack W. R. Headley, of Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., for appellee; R. B. Miller, III, Kansas City, Mo., on brief.

Before HEANEY and McMILLIAN, Circuit Judges, and SCHATZ,* District Judge.

HEANEY, Circuit Judge.

Eddie Middleton, a black man, brought this action against his former employer, Remington Arms Company, Inc., alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and of 42 U.S.C. § 1981. Middleton contended that Remington Arms' failure to recall him from layoff status to a salaried job and his subsequent dismissal from an hourly wage job were the result of racial discrimination. The District Court found no evidence of discrimination and entered judgment for Remington Arms. Middleton appeals. We affirm.

Middleton began working for Remington Arms as a "wage-roll," or hourly wage employee, in March of 1966. After seven months in this job, Middleton was promoted to a salaried position as a safety inspector. Kenneth Wyatt, another black wage-roll employee, and Gerald Foster, a white wage-roll employee, were similarly promoted.

On March 19, 1971, Middleton and Foster were told that their jobs were being eliminated as part of an overall reduction in force at the Remington Arms' plant. Because Middleton had sufficient plant-wide seniority, he was given a choice between accepting a demotion to a wage-roll job, or taking an indeterminate layoff. He chose the latter and left Remington Arms' employ. Since Foster had insufficient plant-wide seniority to return to a wage-roll job, he was automatically placed on layoff status. Wyatt was retained in his job in anticipation of the retirement of Joe Duncan, another safety inspector.

Middleton made various inquiries at Remington Arms about the availability of jobs in the safety department in July, 1972. He was informed that there were no openings in any salaried positions. He was, however, offered a wage-roll job, which he accepted. Middleton reported for work on July 17 and 18, 1972. Thereafter, he failed to report for work, claiming that his job at Remington Arms conflicted with another job which he held outside. He requested a shift change at Remington Arms, but none could be arranged. His employment was terminated by Remington Arms on August 7, 1972, because he had been absent over sixteen consecutive days without an approved leave

---

* ALBERT G. SCHATZ, United States District Judge for the District of Nebraska, sitting by designation.

of absence. Upon his termination, Middleton lost all previously accrued seniority rights.

The District Court found no evidence that Middleton "has been discriminated against in any way because of his race * * *". It found that the Company's failure to rehire Middleton to his former position as safety inspector was not discriminatory since it was established Company policy to fill salaried jobs by promoting current wage-roll employees, and all of the safety positions, which had been filled after Middleton's layoff, were filled in this manner. The court also found that Middleton's termination was in accordance with established Company policy, and that this policy was applied to all employees equally, regardless of race.

The District Court found that the only safety inspectors hired by Remington Arms from the time of Middleton's layoff until the time of trial were hired in June, October and December, 1973.[1] The dispositive issue is, thus, whether Middleton was properly discharged on August 7, 1972. If he was, his claim that he was discriminatorily denied recall to the position of safety inspector is without merit since no safety jobs were filled by Remington Arms until after his discharge. Any recall rights which Middleton may have had were, of course, extinguished as of the date of a valid discharge.

Middleton challenges the District Court's holding that there was no racial discrimination in his termination on two grounds. First, he contends that the court's findings that he was hired in July, 1972, only for a wage-roll job and that he was terminated for unexcused absences from that job are clearly erroneous. He contends that the evidence supports the conclusion that he was hired for the wage-roll job with 'the understanding that he would be immediately promoted, and that his absence from his wage-roll job was not by reason of his own volition but because Remington Arms

changed his shift after he was hired to one which conflicted with his outside job.

■ We have carefully reviewed the record and do not believe that the District Court's findings on these issues are clearly erroneous. Middleton testified that because Remington Arms' officials were aware of his desire to return to a position in safety when he took the wage-roll job, he "felt" that he would be quickly transferred into a salaried job. There was no evidence, however, that Middleton was ever told more than that he would be "considered" for any openings in safety if they occurred. There is conflicting evidence as to whether Middleton was hired to work on a shift at Remington Arms which conflicted with his outside job, or whether he was reassigned to such a shift after he was hired. There was ample evidence, however, from which the District Court could have concluded that Middleton was aware, when he was hired, that he would be assigned to a shift which conflicted with his outside job. In any event, there is no evidence that Middleton was ever told that absence because of an outside job conflict was excusable or that absences by other employees for this reason were tolerated. There was evidence that Middleton was advised that continued absence would result in his termination and that termination would result in the loss of any previously earned seniority rights. Under these circumstances, we cannot say that the District Court's findings, that Middleton was terminated because of excessive unexcused absences and that his termination was in accordance with established company policy, were clearly erroneous.

■ Middleton also contends that the District Court required a showing that his discharge was undertaken with discriminatory intent, and that this requirement was error. We disagree with this characterization of the District Court's opinion. That court held that since there was "not one scintilla of evidence" that Middleton was treated any differently than any other em-

1. In each case, the job was filled by a longtime employee of Remington Arms, who was em-

ployed in a wage-roll job at the time of the promotion.

ployees, his claim that he was discriminatorily terminated must fail. Since Middleton's case was premised upon the claim that he was treated differently than other employees because of his race, proof of racially disparate treatment was necessary for his proof of a prima facie case. *See Teamsters v. United States*, 431 U.S. 324, 335, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). We find no error on this ground.

█ Since, as noted above, there were no openings in safety at Remington Arms from the time of Middleton's layoff until the time of his discharge, his claim that his application for any such openings was discriminatorily denied is likewise without merit. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We, therefore, need not reach Middleton's contentions that certain findings of the District Court, concerning the policy used by Remington Arms to fill salaried positions and Middleton's knowledge of the same, were clearly erroneous.[2]

█ Remington Arms requests an award of reasonable attorney's fees under 42 U.S.C. §§ 1988 and 2000e–5(k), on the basis that Middleton prosecuted this appeal after he should have known that his claims were frivolous. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Although we have upheld the judgment of the District Court, we do not believe that Middleton's contentions on appeal were so frivolous as to justify an award of attorney's fees to Remington Arms.

Affirmed.

---

[2] We also need not reach Remington Arms' contention the Middleton's Title VII claim must fail because of the alleged failure of Middleton to file a timely charge of discrimination with the EEOC.