The ISTHMUS LANDOWNERS ASSOCI-
ATION, INC., a general nonprofit Cali-
fornia Corporation; and David Rome,
on behalf of himself and all others simi-
larly situated, Plaintiffs-Appellants,

v.

The STATE OF CALIFORNIA; California
Coastal Zone Conservation Commission,
an agency of the State of California,
Joseph E. Bodovitz, Individually and as
Executive Director of the California
Coastal Zone Conservation Commission,
Ellen Steen Harris, Donald Peterson,
Ruth Andresen, Emmons Blake, Rim-
mon C. Fay, Melvin B. Lane, Fred Farr,
Jeffrey D. Frautschy, Robert Mendel-
sohn, Roger Osenbaugh, Bernard J. Rid-
der, Jr., Richard Wilson, Individually
and as members of the California Coast-
al Zone Conservation Commission, the
South Coast Regional Commission, an
agency of the State of California, and
Frank Casado, David Commons, James
A. Hayes, Laurence J. Schmit, Louis R.
Nowell, Russ Rubley, Elerth "Ric" Er-
ickson, Donald E. Wilson, Judy Rosener,
Margot Feuer, Robert F. Rooney, Rim-
mon C. Fay, Individually and as mem-
bers of the South Coast Regional Coast-
al Zone Conservation Commission, De-
fendants-Appellees.

No. 77–2651.

United States Court of Appeals,
Ninth Circuit.

Aug. 6, 1979.

Michael M. Berger (argued), Fadem, Berger & Norton, Santa Monica, Cal., for plaintiffs-appellants.

Peter H. Kaufman (argued), Los Angeles, Cal., for defendants-appellees.

Before CARTER and TRASK, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Plaintiffs-appellants Isthmus Landowners Association and individual property owners (hereinafter referred to as the Association) appeal from the district court's dismissal of their suit against the State of California, the California Coastal Zone Con-

---

* Honorable Gus J. Solomon, Senior United States District Judge, District of Oregon, sitting by designation.

servation Commission, and named individuals (hereinafter referred to as the Commission) for damages, a declaratory judgment, and injunctive relief.

In April 1975 the Association applied for a permit to develop a 37 acre site located in Venice, California. The request was denied. In March 1976 the Association filed a new application to develop a 31 acre site in the same area. On July 21, 1976, the second permit request was denied. The Commission adopted findings of fact concerning the denial on August 10, 1976. On September 30, 1976, the Association filed substantially similar complaints in state and federal court charging the Commission with violations of state and federal law. The district court issued the following order on March 9, 1977:

"This court  .  .  .  finds:

(a) There is another action, filed in the Superior Court of the State of California, between the parties. Said action was filed on the same day as the instant action.

(b) In the state court action plaintiffs are attempting to adjudicate the same issues as those involved in their federal claim for relief.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. The instant action is stayed in all respects pending either final determination or plaintiff's dismissal of said state court action."

At the Association's request, on March 29, 1977, the superior court dismissed the state suit without prejudice. The Association returned to the district court on March 30, 1977, and sought dissolution of the March 9, 1977 stay order and reinstatement of the federal proceedings. The Commission countered with a motion to dismiss based, *inter alia*, on the abstention doctrine. On May 11, 1977, the district court granted the motion to dismiss, saying:

"This court having read and considered all submissions of the parties as well as having heard oral argument by the parties finds that this action is inextricably interwoven with issues involving state law, policy and regulations. This court, therefore, abstains from exercising further jurisdiction in this action. Accordingly,

IT IS ORDERED THAT:

The stay order be dissolved and this action be dismissed. The court finds, however, that Plaintiffs' interpretation of the court order of March 9, 1977, and their reliance thereon in dismissing their State Court action, was not unreasonable."

On appeal the Association argues that the dismissal order violated its members' due process rights because it deprived them of any forum in which to litigate the various federal and state law causes of action.

The Association's argument is based upon a false premise. It claims the state suit, which was dismissed without prejudice, cannot now be re-filed because the state statute of limitations has expired. This simply is not correct. After the Commission denied the Association's second permit application on July 21, 1976, the Association had 60 days within which to seek judicial review of the Commission's action. Former Cal. Pub.Res.Code § 27424 (now § 30801).[1] The Association filed suit in federal and state court on the 61st day after the Commission's denial of the second permit request, but both suits were timely because the 60th day, September 19, 1976, was a Sunday. *See* Cal.Civ.Proc.Code §§ 12a, 12b. The timely filing of the federal suit tolled the running of the state limitation period. *Addison v. State,* 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941 (1978). The instant appeal further tolled the period. *See Hoover v. Galbraith,* 7 Cal.3d 519, 102 Cal.Rptr. 733, 737, 498 P.2d 981, 985 (1972). There is nothing in *Addison* or *Hoover* which sug-

---

1. Section 30801 provides in pertinent part:

"Any aggrieved person shall have a right to judicial review of any decision or action of the commission or a regional commissioner by fil-

ing a petition for a writ of mandate in accordance with the provisions of section 1094.5 of the Code of Civil Procedure, within 60 days after such decision or action has become final."

gests that the tolling effect of the federal suit was diminished by the Association's filing and subsequent dismissal of the state suit. Accordingly, we conclude that the state forum is still available to the Association. Provided the Association files suit in state court before expiration of the 60 day limitation period (which period will start running again after this opinion is filed), appellants can obtain full and adequate judicial review of the Commission's action.

In addition to the remedy just described, the Association is free to file another permit application with the Commission. If the new request is denied, judicial review may be sought in state court by way of a writ of mandate. We take judicial notice of the fact that the Association filed a third permit application, and the Commission's ruling on that application is now the subject of litigation in the state courts. In light of the obvious availability of state remedies, we hold that the district court's dismissal of the Association's federal suit did not violate its members' due process rights.

■ Some form of abstention was plainly justified. We are troubled, however, by the district judge's decision to use *Burford*[2] abstention, under which the court dismisses the federal action altogether even though non-frivolous federal causes of action are alleged, instead of *Pullman*[3] abstention, under which the court retains jurisdiction but abstains from deciding the case until the parties have had an opportunity to litigate the issues of state law in state court. *Pullman,* but not *Burford,* abstention gives litigants the option of submitting all issues—both state and federal—to the state tribunal for final adjudication or reserving the federal questions for decision by the federal court should the outcome of the state proceedings not render those questions moot. *England v. Louisiana State Bd. of Medical Exam.,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

■ For the reasons set forth in *Rancho Palos Verdes Corp. v. City of Laguna*

*Beach,* 547 F.2d 1092, 1096 (9th Cir. 1976), we hold that *Burford* abstention was not proper in this case:

"[*Burford*] involved the regulatory system devised by Texas for conservation of oil and gas, and problems involving common tapping of oil pools and reservoirs by adjoining surface owners. Texas had established an elaborate unified administrative system for handling disputes, with direct judicial review of administrative orders concentrated in the state courts of a single county 'to prevent the confusion of multiple review of the same general issues.' 319 U.S. at 326, 63 S.Ct. at 1103. The Court held that dismissal of the suit without retention of jurisdiction was proper.

In our judgment, this case is inappropriate for abstention under *Burford.* Unlike *Burford* or *Alabama Public Service Comm'n v. Southern R. Co.,* 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951), California has not sought to concentrate challenges to the actions of any of the agencies involved here in a particular court or set of courts. Here the federal questions, if any, that survive state adjudication can readily be identified and reserved without colliding with what are essentially state claims."

As was true for the land use planning scheme at issue in *Rancho Palos Verdes,* California has not sought to concentrate challenges to the actions of the Coastal Zone Conservation Commission in a particular court. Rather, aggrieved parties may seek review by way of a writ of mandate in "any court, except a municipal or justice court." Cal.Code Civ.Proc. §§ 1085, and 1094.5; Cal.Pub.Res.Code § 27424 (now § 30801), *supra,* n.1. The federal questions in this case (due process and just compensation) are readily identifiable and separable from the state law issues, which chiefly involve procedural matters such as the number of commissioners' votes required to take a given action. *Burford* abstention was, therefore, unwarranted.

---

**2.** *Burford v. Sun Oil,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

**3.** *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

*Pullman* abstention, on the other hand, was entirely appropriate. *Canton v. Spokane School Dist. No. 81,* 498 F.2d 840 (9th Cir. 1974) stated that *Pullman* abstention applies where:

(1) The complaint "touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open."

(2) "Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy."

(3) The possibly determinative issue of state law is doubtful.

*Id.* at 845 (footnote omitted). The three tests have been satisfied here. First, it is settled that land use planning is a sensitive area of social policy for purposes of the *Pullman* doctrine. *Sederquist v. City of Tiburon,* 590 F.2d 278, 281–82 (9th Cir. 1978); *Rancho Palos Verdes Corp. v. City of Laguna Beach, supra,* 547 F.2d at 1094. Second, resolution of one or more of the state questions in the Association's favor will obviate the need for federal constitutional adjudication. Third, as was pointed out in *Sea Ranch Ass'n v. Cal. Coastal Zone Cons. Comm'n,* 396 F.Supp. 533, 538–40 (N.D.Cal.1975), *aff'd as to that ground,* 537 F.2d 1058 (9th Cir. 1976), the California Coastal Zone Conservation Act of 1972, Cal. Pub.Res.Code § 27000, and its successor statute have not yet been definitively interpreted by the California courts. This comprehensive land use regulatory scheme presents complex and difficult issues of state law. "[I]n order to avoid needless conflict with the administration by a state of its own affairs," C. Wright, Handbook of the Law of Federal Courts § 52, p. 218 (3d ed. 1976), state rather than federal courts should ordinarily be the first to construe the provisions of an integrated state regulatory program. Deference to state courts does not deprive the plaintiff of his right to choose a federal forum for the litigation of federal rights, for he may file an *England, supra,* reservation if he wishes.

For the reasons set forth above, we reverse the district court's dismissal of the Association's suit and remand the case for further proceedings. On remand the district court should retain jurisdiction but stay the federal action pending adjudication of the state issues in state court.

REVERSED and REMANDED.