Ray CLASSEN, Plaintiff,

v.

**James WELLER, et al., Defendants.**

**No. C–81–1112 RPA.**

United States District Court, N. D. California.

June 25, 1981.

---

Rose & Kornhauser, San Francisco, Cal., David Malnick, San Jose, Cal., for plaintiff.

Carlos Bea, San Francisco, Cal., Ardell Johnson, Pillsbury, Madison & Sutro, San Jose, Cal., for defendants.

### ORDER

AGUILAR, District Judge.

This is an antitrust action brought by plaintiff Classen, a residential home builder. The following facts are alleged. In 1977, plaintiff was approached by a client and asked to construct a home in a Hillsborough development. The client selected a lot, but was told by defendant Weller, the owner-developer of the subdivision, that the property would be sold only to builders. Plaintiff was referred to defendant Fox, the real estate broker handling the sale of lots, who instructed him that as a further condition to the purchase of a lot he would have to agree to employ Fox at a 6% commission as the real estate agent if the lot were resold within three years. Upon plaintiff's completion of the residence and transfer of title to the client, Fox demanded that the com- mission be paid. When plaintiff refused to pay, Fox brought an action in state court to recover the amount. Plaintiff filed an answer and class action cross complaint alleging violation of the Cartwright Act and the Sherman and Clayton Acts. The Superior Court of San Mateo County granted defendant's motion for summary judgment on the state antitrust claims, declaring that plaintiff "does not represent the class he purports to represent and is not similarly situated to the class alleged." The state court also granted summary judgment on the federal antitrust claims, stating that it lacked subject matter jurisdiction. The state court decision has been appealed. On March 12, 1981, plaintiff filed the instant action, alleging violations of the Sherman and Clayton Acts. Defendant Fox has moved the Court to dismiss the suit for lack of jurisdiction. Both defendants have moved to stay the proceedings pending a final decision in the state courts.

The Court believes that disposition of defendant Fox's motion to dismiss is controlled by the Ninth Circuit's opinion in *Western Waste Service v. Universal Waste Control*, 616 F.2d 1094 (9th Cir. 1980). *Western Waste Service* states that it is not necessary for the alleged antitrust violation "to have affected interstate commerce so long as defendant's business activities, independent of the violation, affected interstate commerce." Jurisdiction under the federal antitrust laws is proper in this case because defendant Fox's business activities, "independent of the violation," affected interstate commerce.

The Court further holds that a stay of these proceedings is proper because the issues presented in the state court action coincide with the issues presented here. Thus, a final decision in the state court may be dispositive of the federal claims. Allowing both suits to proceed would "occupy the energies of two courts at the same time" with identical tasks. *See Klein v. Walston & Co.*, 432 F.2d 936, 937 (2d Cir. 1970); *Weiner v. Shearson, Hammill & Co., Inc.*, 521 F.2d 817 (9th Cir. 1975). Faced with

the prospect of duplicating the efforts of a state court, it is appropriate for a federal court to exercise its power to abstain. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Plaintiff's reliance upon *Mach-Tronics, Inc. v. Zirpoli*, 316 F.2d 820 (9th Cir. 1963), and *Lyons v. Westinghouse Electric Co.*, 222 F.2d 184 (2d Cir. 1955) is misplaced. These two cases, in fact, support the granting of a stay. Judge Learned Hand stated in *Lyons* that the abstention doctrine is a compromise between two competing interests: "the convenience of avoiding a multiplicity of suits and the adequacy of the remedies afforded for the conceded wrongs." 222 F.2d at 189. Unlike the state court action in *Lyons*, the state court action in the instant case could result in an award of treble damages. Hence, the federal interest in discouraging anticompetitive conduct may be vindicated through the imposition of a punitive award in the state court. In short, the "remedies afforded for the conceded wrongs" are adequate because they are the same as the federal remedies. Abstention in *Mach-Tronics* was improper because the relief sought in the state court was "inadequate"; the state cause of action did not provide for treble damages.

 Plaintiff's argument that a stay may not be granted when a federal court has exclusive jurisdiction over a claim is simply incorrect. As the Ninth Circuit stated in *Weiner v. Shearson, Hammill & Co., supra* :

> "We note that even if the state court finds itself precluded from giving affirmative relief under the 1934 Act, a stay would not necessarily be inappropriate. The state court does have power to grant the parties relief under the 1933 Act or the state counterclaim, and in doing so, it may or may not resolve the 1934 Act issues." 521 F.2d at 822.

*See Klein v. Walston & Co., supra*, 432 F.2d at 937. Where the issues underlying federal claims may be resolved through the adjudication of state claims, even though the state court may be impotent to consider the federal allegations, and where the "reme-

dies afforded for the [state] wrongs" adequately protect federal interests, a stay of the federal proceedings is appropriate. Since virtually identical issues and remedies are presented by the state and federal claims, the above principle applies in this case. To prevent an unnecessary duplication of efforts, a stay should be granted.

Accordingly, the Court hereby grants defendants' motion to stay the proceedings. The stay will remain in effect until a final decision is reached in the state court, or until other circumstances render continuation of the stay unnecessary or injurious to federal interests. The Court hereby denies defendant Fox's motion to dismiss for lack of jurisdiction.

The case is set down for status conference on February 18, 1982, at 9:15 a.m.

IT IS SO ORDERED.