832 F.2d 1138
 Norma Jean ALMODOVAR and R.N. Bullard, Plaintiffs-Appellants,
v.
Ira REINER, Burton J. Schneirow, Darryl Gates, Joseph Conti,
and James G. Como, Defendants-Appellees.
 No. 87-5521.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 8, 1987.
Decided Nov. 17, 1987.
 
 Stanley Fleishman, Los Angeles, Cal., for plaintiffs-appellants.
 Ladell H. Muhlestein, Los Angeles, Cal., for defendants-appellees Reiner and Schneirow.
 Jack L. Brown, Los Angeles, Cal., for defendants-appellees Gates, Como and Conti.
 Appeal from the United States District Court for the Central District of California.
 Before KENNEDY, SKOPIL and NELSON, Circuit Judges.
 NELSON, Circuit Judge:
 
 
 1
 Appellants contend that using California's pandering and prostitution statutes to prevent them from making sexually explicit films violates their federal and state constitutional rights. Because the California Supreme Court had not construed the two statutes as applying to filmmakers, and because a similar challenge is currently before the California Supreme Court, the district court abstained following the doctrine of Railroad Commissioner v. Pullman, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The district court then dismissed the case "because the plaintiffs raise state constitutional claims which mirror their federal constitutional claims." We conclude that the district court properly abstained under the Pullman doctrine, but that it should not have dismissed the action.
 
 
 2
 Abstention decisions are reviewed under a modified abuse of discretion standard. C-Y Development Co. v. Redlands, 703 F.2d 375, 377 (9th Cir.1983). The decision not to abstain is within the trial court's discretion. Id. But unless certain exceptional circumstances are present, a district court has little or no discretion to abstain. Id. Whether these requirements were met is a mixed question of fact and law, that is more law than fact, and is therefore reviewed de novo. See United States v. McConney, 728 F.2d 1195, 1199-1204 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 I. Abstention
 
 3
 Abstention based on the doctrine of Railroad Commissioner v. Pullman, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), is strictly limited. Courts may not abstain from deciding claims unless
 
 
 4
 (1) The complaint "touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open."
 
 
 5
 (2) "Such Constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy."
 
 
 6
 (3) The possibly determinative issue of state law is doubtful.
 
 
 7
 Canton v. Spokane School Dist. No. 81, 498 F.2d 840, 845 (9th Cir.1974) (quoting Pullman, 312 U.S. at 498-99, 61 S.Ct. at 644-45). Because each of these elements is present, we affirm the district court's decision to abstain.
 
 
 8
 This Circuit stated in Pearl Investment Co. v. San Francisco, 774 F.2d 1460, 1463 (9th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986), that for Pullman abstention purposes, a challenge to an anti-obscenity statute concerned "arguably more sensitive social issues" than land use planning, which is regularly recognized as a sensitive issue of social policy. Similarly, we conclude that the regulation of prostitution and of sexually explicit films are controversial issues of great local interest. This interpretation of the "sensitive social policy" prong of Canton recognizes that abstention protects state sovereignty over matters of local concern, out of considerations of federalism, and out of "scrupulous regard for the rightful independence of state governments." Pullman, 312 U.S. at 501, 61 S.Ct. at 645.
 
 
 9
 Although courts have avoided abstention in first amendment challenges, see Procunier v. Martinez, 416 U.S. 396, 404, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974), there is no absolute rule against abstention in first amendment cases. The fears of chill that justify our preference against abstention in first amendment cases are not present in this instance. See Procunier, 416 U.S. at 405, 94 S.Ct. at 1807; Baggett v. Bullitt, 377 U.S. 360, 378-79, 84 S.Ct. 1316, 1326-27, 12 L.Ed.2d 377 (1964); J-R Distributors, Inc. v. Eikenberry, 725 F.2d 482, 488 (9th Cir.1984) rev'd on other grounds sub nom Brocket v. Spokane Arcades, 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985). This case poses few dangers of first amendment chill. The issue can be adjudicated in a single state court proceeding, and the litigants need not undergo the expense or delay of a full state court litigation because other parties are already presenting the issue to the California Supreme Court. That a pending state court litigation between other parties might resolve the issues presented weighs in favor of abstention. See University of Oklahoma Gay People's Union v. Board of Regents, 661 F.2d 858 (10th Cir.1981); Classen v. Weller, 516 F.Supp. 1243 (N.D.Cal.1981).
 
 
 10
 All of plaintiff's constitutional claims would be moot if the state supreme court decides that the statutes do not apply to making films of sexual activity. Pullman abstention was designed especially for this sort of narrowing construction. See Baggett, 377 U.S. at 376-77, 84 S.Ct. at 1325-26. If the California Supreme Court decides that the legislature did not intend the prostitution statute to apply to films, Almodovar will have obtained all the relief she seeks without a federal decision on her constitutional claims.
 
 
 11
 The statutes in this case are susceptible to limiting construction. Certainly the requirement that sex be exchanged for money to constitute prostitution might be limited so as not to include performance before a camera. Although the pandering statute has been construed to include filmmakers, see People v. Fixler, 56 Cal.App.3d 321, 128 Cal.Rptr. 363 (1976), this construction was not by the California Supreme Court. Furthermore, because the issue is now before the California Supreme Court in People v. Freeman, 236 Cal.Rptr. 1, 734 P.2d 562, granting review to, 188 Cal.App.3d 618, 233 Cal.Rptr 510 (1987), the statute has not been construed authoritatively.
 
 II. Dismissal
 
 12
 Pullman abstention requires the district court to retain jurisdiction so that the plaintiff may return to vindicate her federal constitutional rights if the state decision does not settle the issues. See, e.g., Isthmus Landowners Ass'n v. California, 601 F.2d 1087, 1091 (9th Cir.1979); see also Doud v. Hodge, 350 U.S. 485, 487, 76 S.Ct. 491, 492, 100 L.Ed. 577 (1956). Failure to retain jurisdiction is reversible error. See Isthmus, 601 F.2d at 1091; Santa Fe Land Imp. Co. v. Chula Vista, 596 F.2d 838, 841 (9th Cir.1979). Dismissal has been reversed even if federal claims mirrored state constitutional claims. See, e.g., Santa Fe Land Imp. Co. 596 F.2d 838. Although cases may be dismissed if there are sufficient grounds to abstain under either Burford or Younger abstention, we find no justification for abstaining under either of these doctrines.
 
 
 13
 Burford abstention is inappropriate in this case for three reasons. First, because federal questions might remain after the decision of state law issues, Burford abstention would require that federal intervention disrupt efforts to establish a coherent public policy. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Federal disruption has been held to occur when states enact complex regulatory schemes. See International Bhd. of Elec. Workers, Local No. 1245 v. Pub. Serv. Comm'n, 614 F.2d 206, 211 (9th Cir.1980). Federal disruption does not occur merely because a federal decision conflicts with a state statute. Colorado River, 424 U.S. at 814-16, 96 S.Ct. at 1244-46. The state issues in this case relate only to two simple statutes, not to any complex web of administration. Thus no disruption is threatened. Second, California has not established a specialized court system to review prostitution and pandering charges that would justify Burford abstention. See Eikenberry, 725 F.2d at 488 n. 6. Third, the state issues here, with which a state court might have special competence, are not intertwined with the federal issues. See, e.g., International Bhd. of Elec. Workers No. 1245, 614 F.2d at 211. If the state adjudication does not end the case, then appellant's federal claims will present federal constitutional challenges to clearly construed state statutes. Burford abstention is, therefore, inappropriate.
 
 
 14
 Younger abstention precludes federal courts from enjoining currently pending state criminal actions, see Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), or from issuing declaratory judgments in cases in which an injunction would disrupt those actions. See Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971). Appellees argue that because Almodovar is currently on probation for violating the prostitution statute, the terms of which preclude her from violating the statute again, any injunction of future prosecutions would interfere with a current criminal proceeding. We reject this position.
 
 
 15
 Probation is not a pending criminal action for Younger purposes. Younger abstention permits exclusion of constitutional claims from federal court because the constitutional defenses can be raised during the state proceedings. See Steffel v. Thompson, 415 U.S. 452, 462, 94 S.Ct. 1209, 1217, 39 L.Ed.2d 505 (1974). Post trial proceedings, such as probation, do not offer this opportunity.
 
 
 16
 The Supreme Court has made clear that federal post-trial intervention is not precluded by Younger, unless the intervention is designed to annul the results of a state trial by expunging an individual's record or by removing other collateral effects of his conviction. See Wooley v. Maynard, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977); Huffman v. Pursue, Ltd., 420 U.S. 592, 609, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975). In Wooley, the Supreme Court said that Younger did not apply to individuals seeking "only to be free from prosecutions for future violations of the same statutes." This case is governed by Wooley. Appellant does not seek to have her record expunged, or to have a standing court order overturned. Rather, she seeks, as did Mr. Maynard, "to be free from prosecutions for future violations of the same statute." Id. Her current probation status cannot be treated as grounds for Younger abstention.
 
 III. Attorneys' Fees
 
 17
 Appellants and the County Appellees seek attorneys' fees under 42 U.S.C. Sec. 1988 (1982). We may not award fees under the circumstances of this case. Appellants are not entitled to fees under this provision because they are not prevailing parties. Although Appellees are prevailing parties, section 1988 does not authorize fees for prevailing defendants unless the appeal can be characterized as frivolous or vexatious. See Ellis v. Cassidy, 625 F.2d 227, 230 (9th Cir.1980); see also Middleton v. Remington Arms Co., 594 F.2d 1210, 1212 (8th Cir.1979). We cannot so characterize Almodovar's appeal.
 
 CONCLUSION
 
 18
 We affirm the district courts decision to abstain. We reverse the district court's decision to dismiss the case, and remand for the district court to retain jurisdiction pending the state court proceedings. Each side will bear its own costs.
 
 
 19
 AFFIRMED IN PART--REVERSED IN PART.