## ROBICHAUX CONSTRUCTION, INC.

v.

## SOLID WASTE DISPOSAL, INC., et al.

### Civ. A. No. 88–214.

United States District Court,
E.D. Louisiana,
Section F.

Feb. 22, 1989.

Leroy A. Hartley, Trial Atty., Robert F. Fleming, Jr., Robert C. Wallace, New Orleans, La., for plaintiff.

Hailey, McNamara, Hall, Larmann & Papale, Richard T. Simmons, Jr., Trial Atty., John T. Culotta, Metairie, La., for Cyrus "Bobby" Tardo.

Porteous, Hainkel, Johnson & Sarpy, C. Gordon Johnson, Jr., Trial Atty., Ralph R. Alexis III, New Orleans, La., for Jerome Barbera.

Chaffe, McCall, Phillips, Toler & Sarpy, James A. Babst, Leslie E. Weill, New Orleans, La., for Solid Waste Disposal, Inc., Harold Callais, Bob Faulk, Gus Baldwin, Valentine Sugars, Inc.

Robert L. Picou, Jr., Houma, La., for T. Baker Smith & Son, Inc. Horace Thibodaux.

McGlinchey, Stafford, Mintz, Cellini & Lang, Lisa M. Geary, New Orleans, La., for Nat. Union Fire Ins. Co. of Pittsburgh, Pa.

Steven Wilson, Raceland, La., for Steven Wilson.

### ORDER AND REASONS

FELDMAN, District Judge.

In this RICO case, the plaintiff, Robichaux Construction, Co., charges that it was denied the award of a trash collection and disposal contract by the Lafourche Parish Council, although it submitted the lowest bid. Plaintiff urges that the defendants in this case conspired to insure, through a pattern of racketeering activity, that a competitor, the defendant Solid Waste Disposal, received preferential treatment in getting the contract.[1] Specifically, plaintiff says that defendants Callais and Faulk bribed Tardo to get favorable treatment for their company, Solid Waste Dis-

---

1. The defendants in this case are: (1) Solid Waste Disposal, Inc.; (2) Harold Callais and (3) Robert Faulk, managers of Solid Waste; (4) Cyrus "Bobby" Tardo, President of the Lafourche Parish Council; (5) Steven Wilson, member of the Council; (6) Horace Thibodaux, Solid Waste consultant for Lafourche and Terre- bonne Parishes; (7) T. Baker Smith & Son, Inc., employer of Mr. Thibodaux; (8) Jerome Barbera, Assistant District Attorney for Lafourche Parish and legal advisor to the Council; (9) Gus Baldwin, President of Valentine Sugars; and (10) Valentine Sugars, Inc.

posal. The suit also claims, among other things, that Gus Baldwin, Valentine Sugars and Tardo encouraged (for improper reasons or motives) the Council to reject all bids on the project.

Defendants have moved this Court to exercise its power to abstain.

Plaintiff filed this RICO suit on January 19, 1988; prior to that date, the following events occurred:[2]

On June 11, 1986, the Lafourche Parish Council directed Horace Thibodaux to prepare bid specifications and contract documents for the transfer of solid waste generated within Lafourche Parish to an approved disposal site.

Enerland Recovery Services (now a part of Robichaux through merger) and Triad Resources and Systems Holdings, Inc. were the only two bidders.

A dispute arose, and Triad sought to disqualify the Enerland bid because Enerland did not bid on all proposals and because Enerland's proposed rates improperly called for escalation based upon cost increases to Enerland rather than recognized escalation clauses such as the consumer price index.

Because of the controversy, Bobby Tardo, President of the Council, turned to defendant Barbera for legal advice concerning the dispute between Enerland and Triad. The Council thereafter rejected both bids at a December 1, 1986 meeting and caused new bid specifications and contract documents for the transfer of solid waste to be issued.

The lowest bid on the new proposal was made by Triad, followed in descending order by Solid Waste Disposal, Browning-Ferris Industries and Enerland. Triad's bid was disqualified at a Council meeting on February 11, 1987. The bid of Solid Waste Disposal was then accepted.

Prompted by these events, two suits, which implicate many of the facts in this RICO suit, were filed in the 17th Judicial District Court for the Parish of Lafourche. The two state court suits were filed months before the federal suit. The first suit, *Triad Resources and Systems Holdings, Inc. v. Parish of Lafourche, et al,* # 58876, was filed on February 27, 1987.[3] Triad alleges that after an informal hearing on February 5, 1987[4] the Council failed to give Triad formal written notice that it had been disqualified from competing for the contract. The complaint further adds that unfair and preferential actions of the Council, "in concert with other defendants", violated Triad's rights under the federal and state constitutions as well as the Louisiana Public Bid Laws. *See* La.R.S. 38:2211 *et seq.*

The second suit, on June 2, 1987, was by Enerland, which is now Robichaux, and is styled *Enerland Recovery Services, Inc., v. Parish of Lafourche, et al,* # 59534.[5] This suit claims that by virtue of the Council's December 1, 1986 rejection of Enerland's bid after the first round, and the subsequent February 11, 1987 award of the contract to Solid Waste Disposal, the defendants are liable to Enerland under the Louisiana Public Bid Laws, as well as the federal and state constitutions.[6] Enerland also directly focuses its suit on the correctness of Barbera's legal advice regarding the State bid laws.

The question before this Court, then, is whether the Court should exercise its power to abstain from hearing this RICO suit because of the two related suits pending in state court. The Court holds that abstention under these circumstances is proper and that this case will be stayed until the

**2.** The facts recited are not disputed by plaintiff.

**3.** The defendants in this case include the Council, its members (including Bobby Tardo and Steven Wilson) and Solid Waste Disposal. It deals with the second round of the bid process.

**4.** According to Triad's complaint, a purpose of this meeting was to consider the disqualification of Triad's bid.

**5.** Other defendants are the members of the Council, T. Baker Smith and Sons, Inc., Horace Thibodaux, and Solid Waste Disposal.

**6.** This suit also charges that the Council acted "in concert" with the other defendants in that suit.

state suits are resolved. At the least, the issues in this case could thereby be materially narrowed.

Failure to abstain in this case would result in duplicative litigation. As the Supreme Court stated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976),

> Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction'. [citations omitted] As between federal district courts, however, although no precise rule has evolved, the general principal is to avoid duplicative litigation. 424 U.S. at 816, 96 S.Ct. at 1245.

Here, the central issue, common to both state cases and of significance to this federal RICO case, is the propriety of the Council's decision to award the contract to Solid Waste Disposal rather than to Robichaux or to Triad under the Louisiana Public Bid Laws.[7] Adjudication of this issue, a matter of discrete state law,[8] must be made in each case, and would clearly be duplicative under *Colorado River*.[9] Indeed, when confronted with a similar fact situation, involving an antitrust action in a federal court by a residential home builder against a real estate broker and a pending state court suit by the same broker for recovery of his commisions, the court in *Classen v. Weller*, 516 F.Supp. 1243 (N.D.Cal.1981) abstained from hearing the federal suit because:

> [A] final decision in the state court may be dispositive of the federal claims. Allowing both suits to proceed would 'occupy the energies of two courts at the same time' with identical tasks. [citations omitted] Faced with this prospect of duplicating the efforts of a state court, it is appropriate for a federal court to exercise its power to abstain. *Id.* at 1244–45.

This Court cannot ignore the counsel of *Colorado River* to avoid piecemeal litigation. *Id.* at 1247. It is instructive, then, to note that many of the same witnesses, lawyers, and other participants will be involved in each dispute forum; it is clear that a state court will have to decide issues which are intertwined with some of the same influential issues here: the bid process, the bid specifications, bid sufficiency, the propriety of legal advice given to decision makers. Efforts to speak to these issues

---

7. La.R.S. 38:2212 A.(1)(a), provides:

   All public work exceeding the contract limit as defined herein, including labor, materials, and all purchases of materials or supplies exceeding the sum of five thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part.

8. In this regard, the Court notes that La.R.S. 13:5106 states:

   A. No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.

   Plaintiff is correct that this provision, by its strict terms, does not apply to this RICO case since none of the defendants here is the State or a State agency. However, the provision infers a strong suggestion by the Louisiana legislature that suits involving acts of public officials concerning matters within the scope of their duties should be brought in state forums. At issue is the propriety of the actions of those intimately connected with the processes and decisions of the Lafourche Parish Council in connection with the awarding of a garbage contract. But this point is not dispositive. It merely calls to mind the restraining notion of the extent to which federal courts ought to inject themselves into state issues that are swirling about in parallel state court proceedings.

9. This Court regards as superficial plaintiff's argument that the legal sufficiency of the plaintiff's bid before the Council—an issue in the state court cases—is not related to the issue in this case: whether the defendants unlawfully conspired to deny plaintiff the contract. Both issues go directly to whether plaintiff should have received the contract. *See Highlands Ins. Co. v. A.E. Investments*, 637 F.Supp. 213, 214 (E.D.La.1986) (this Court has abstained from hearing a federal declaratory judgment action where the "coverage issue [in the federal proceeding] was inextricably interwined with the liability questions currently at issue in the state proceedings.") Clearly, the RICO issues go beyond the matter of the sufficiency of some bid. But, nevertheless, bid sufficiency is a prophylactic and hotly contested defense issue in this case. It must be addressed here, as it will most certainly be addressed at the state level.

in three different tribunals would not result in an efficient use of judicial resources. It would pervert the meaning of judicial economy. In the Enerland case, for example, if Barbera's advice is determined to have been correct, he would not likely remain a viable defendant here. If Enerland wins in state court, Robichaux's damages are considerably narrowed here.

Finally, *Colorado River* attaches some significance to "the order in which jurisdiction was obtained by the concurrent forums." *Id.* However, "this priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Memorial Hosp. v. Mercury Const.*, 460 U.S. 1, 21, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983). Both state suits were filed well before the RICO suit.[10] Triad is about to go to trial. That the plaintiff is not a party there does not alter the analysis; what is central, is the issues involved. Though plaintiff here may not be a party to the Triad suit, the charges made in that suit implicate the same bundle of facts and relationships which exist in this suit. This suit and the Triad suit also involve important common defendants, Bobby Tardo, Steven Wilson and Solid Waste Disposal. The Enerland suit brings the analysis into even sharper focus. Enerland, now Robichaux, first chose the state forum to resolve the sufficiency of its bid and whether it should have been awarded the contract. That case targets the entire bid process, but without the overlay of RICO issues. The bid process must be litigated; its integrity is central to the state case and to this case. Presently, it would have to be litigated twice. Further, one resolution of the Enerland issues could result in a narrowing of the parties here (at least as to Barbera), and the measure of damages, if any. Plaintiff counters that the Enerland suit, unlike Triad, has not progressed. But that it has not progressed has been plaintiff's choice. Thus, plaintiff should not be heard to complain that its state case has not moved.

In sum, considering "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," this Court abstains from hearing plaintiff's RICO suit at this time. *See Colorado River, supra,* 424 U.S. at 816, 96 S.Ct. at 1245. This case shall be stayed pending final resolution of the two related state court suits.

Accordingly, for the foregoing reasons, defendants' Motion to Stay is GRANTED.

10. The Ernerland suit was filed on June 2, 1987, and the Triad suit was filed on February 27, 1987. This suit was filed on January 19, 1988.