**NOT FOR PUBLICATION**

OCT 26 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHAPABHAI PATEL; PRAMILABEN PATEL, | No. 10-55219 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-05978-DSF-AJW |
| v. | |
| CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES HOUSING DEPARTMENT, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 13, 2011**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and BYBEE, Circuit Judges, and DAVIDSON, Senior District Judge.[***]

Khapabhai Patel and Pramilaben Patel ("Appellants") appeal the district court's decision to abstain from the exercise of jurisdiction under Railroad Commission v. Pullman Co., 312 U.S. 496 (1941). We affirm.

Appellants challenge the City of Los Angeles Housing Department's determination that their motel is a "residential hotel" subject to the provisions of the Residential Hotel Unit Conversion and Demolition Ordinance ("Ordinance"), Los Angeles Municipal Code §§ 47.70–.89 (2008). In their complaint, Appellants assert a claim under 42 U.S.C. § 1983 and several state law claims. The district court granted the City's motion to abstain under Pullman, stayed the Appellants' federal causes of action, and dismissed the state causes of action.

In order to determine whether Pullman abstention is appropriate, we use a three-part test:

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open[;] (2) [s]uch constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy[; and] (3) [t]he possibly determinative issue of state law is doubtful.

---

[***] The Honorable Glen H. Davidson, Senior District Judge for the U.S. District Court for the Northern District of Mississippi, sitting by designation.

C-Y Dev. Co. v. City of Redlands, 703 F.2d 375, 377 (9th Cir. 1983) (internal quotation marks omitted).  We review de novo the presence of the appropriate factors under the Pullman doctrine.  If the Pullman requirements are met, we review the district court's decision to abstain under an abuse of discretion standard. Almodovar v. Reiner, 832 F.2d 1138, 1140 (9th Cir. 1987).

In the district court, Appellants did not argue that the first of three Pullman criteria was satisfied.  Thus, Appellants have forfeited this claim on appeal.

In land use cases, we have found the second requirement under Pullman to be satisfied where a favorable decision on a state law claim would provide the party with some or all of the relief he or she seeks.  See Sinclair Oil Corp. v. County of Santa Barbara, 96 F.3d 401, 409 (9th Cir. 1996) ("[I]t is sufficient if the state law issues might 'narrow' the federal constitutional questions.").  Here, a state court could plausibly set aside the City's determination that Appellants' motel is a residential hotel under the statute.  This would moot, or at least substantially alter or narrow in whole or in part, "the nature of the federal constitutional questions."  C-Y Dev., 703 F.2d at 379.

As to the third requirement, we agree with the district court's finding that uncertainty surrounds the application of state law to Appellants' claims. Relying on the fact that land use claims are local in nature and involve the interpretation of

3

various state and local land use laws, we have required only a minimal showing of uncertainty to satisfy the third Pullman factor in land use cases.  See Sinclair Oil, 96 F.3d at 409–10; Pearl Inv. Co. v. City & Cnty. of San Francisco, 774 F.2d 1460, 1465 (9th Cir. 1985).  The Ordinance is a comprehensive land use scheme, and its application to Appellants' motel turns on the peculiar facts of this case.  Accordingly, the third prong of Pullman is satisfied.

Because we find that the test for Pullman abstention has been met, we conclude that the district court did not abuse its discretion in abstaining pending resolution of the state law questions in state court.  Lastly, we decline Appellants' request to remand to the district court with instructions to dismiss the state law claims without prejudice, because we understand those dismissals to have in fact been made without prejudice.

AFFIRMED.