**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRIENDS OF OCEANO DUNES, a California not-for-profit corporation and association; WILLIAM D. KNOFF, as a member of Friends of Oceano Dunes and individually, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JOHN AINSWORTH, in his official capacity as the Executive Director of California Coastal Commission; et al., <br><br> Defendants-Appellees. | No. 18-55377 <br><br> D.C. No. 2:17-cv-08733-VAP-MRW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted October 24, 2019
Pasadena, California

Before: KLEINFELD, CALLAHAN, and R. NELSON, Circuit Judges.

Friends of Oceano Dunes ("FOD") and William D. Knoff, one of its board

members, appeal the district court's stay of this action on abstention grounds.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

FOD had sued state and local government actors in federal court, arguing that the California Coastal Commission's permitting of dust-control measures at an oceanside state park ran afoul of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544. FOD had also sought to enjoin the permit in state court. The district court declined to hear FOD's ESA claim in deference to the state suit under the *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); and *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976), abstention doctrines. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review de novo a district court's decision to abstain under *Younger*. *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727 (9th Cir. 2017) (citation omitted). We also review de novo whether the requirements are met for abstention pursuant to *Burford* or *Colorado River*. *Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.*, 421 F.3d 835, 844 n.8 (9th Cir. 2005) (citations omitted). When the requirements are met, we review the district court's decision to abstain for an abuse of discretion. *Id.*

The district court erred in abstaining under *Younger*. In the civil setting, *Younger* allows a federal court to withhold exercising its jurisdiction only if the underlying state proceeding is criminal in character or implicates the state's interest in enforcing the orders and judgments of its courts. *Sprint Commc'ns v.*

2

*Jacobs*, 571 U.S. 69, 78 (2013). The latter category is not relevant here, and the pending state proceeding bears none of the hallmarks of criminal enforcement. *See id.* at 79-80 (describing these hallmarks). In issuing the permit, the Coastal Commission sought not to punish FOD for any wrongdoing, but to ameliorate dust pollution.

Abstaining under *Burford* was likewise error. The *Burford* doctrine allows federal courts to "decline to rule on an essentially local issue arising out of a complicated state regulatory scheme." *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (internal quotations and citation omitted). FOD's ESA claim does not turn on any state-law issues; it just requires a factual assessment of the permit's impacts on endangered species. *See Defs. of Wildlife v. Bernal*, 204 F.3d 920, 925-27 (9th Cir. 2000) (finding that the district court thoroughly considered facts relevant to the alleged "take" of the species at issue). Moreover, contrary to the doctrine's requirements, *see Morros*, 268 F.3d at 705, California has not concentrated suits attacking Coastal Commission permits in a particular court, *Isthmus Landowners Ass'n v. California*, 601 F.2d 1087, 1090 (9th Cir. 1979), and federal review of FOD's claim would not unduly impede the state's efforts to establish coherent environmental policy.

The *Colorado River* doctrine also does not apply. *Colorado River* permits abstention in deference to a pending parallel state suit. But a court cannot abstain

under *Colorado River* if the proceedings are not parallel—that is, if there is a substantial doubt that the state suit will resolve all issues before the federal court. *Intel Corp. v. Adv. Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). The proceedings here lack parallelism because FOD's state suit does not contain a federal ESA claim, and the California ESA does not protect one of the species at the heart of the federal proceeding. And even if the suits were parallel, this case does not present "exceptional circumstances" justifying abstention. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017).

We decline the appellees' request to uphold the stay as an exercise of the district court's inherent power to manage its docket, since there is no indication that the court weighed the competing interests relevant to a general stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). And finally, we remand the state officials' claims of Eleventh Amendment immunity to the district court for consideration in the first instance.[1]

**REVERSED AND REMANDED.**

---

[1] We deny Ainsworth and Mangat's request for judicial notice.